M. Jonathan Hayes (Bar No. 90388)
Roksana D. Moradi (Bar No. 266572)
**Law Office M. Jonathan Hayes**
9700 Reseda Blvd. Suite 201
Northridge, California 91324
Telephone:  (818)  882-5600
Facsimile:  (818)  882-5610
jhayes@polarisnet.net

Attorney for Debtor
Cristina Roggero

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) CASE NO.:  1:09-bk-26237-GM |
| | ) |
| CRISTINA ROGGERO, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) **NOTICE OF MOTION AND MOTION** |
| | ) **FOR ORDER AUTHORIZING** |
| | ) **DEBTOR TO ENTER INTO LEASE** |
| | ) **OF REAL PROPERTY;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES; DECLARATION OF** |
| | ) **CRISTINA ROGGERO** |
| | ) |
| | ) |
| | ) (No Hearing Scheduled Pursuant to LBR |
| | ) 9013-1(o).) |
| | ) |

TO THE HONORABLE GERALDINE MUND, UNITED STATES

BANKRUPTCY JUDGE, CREDITOR RESIDENTIAL CREDIT SOLUTIONS, INC.

AND PNC BANK, AND THEIR ATTORNIES OF RECORD, ALL PARTIES IN

INTEREST INDIVIDUALLY AND BY AND THROUGH THEIR LEGAL COUNSEL

OF RECORD:

    **PLEASE TAKE NOTICE** that the Debtor, Cristina Roggero (hereinafter

"Roggero" or the "Debtor"), by and through her attorney, M. Jonathan Hayes, moves this

Court for an Order Authorizing the Debtor to enter into a lease of her real property located

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

1

Motion for Order re Lease of Real Property

1  at 9980 Houston Road, Malibu CA.  The terms of the lease are still being negotiated but

2  the rent is expected to be $7,000 to $7,500 per month and the term is expected to be nine

3  months to one year.  This motion asks the Court to give the Debtor the authority to enter

4  into a lease within those parameters.

5      The basis for the motion is that the Debtor and her husband have been attempting to

6  lease their real property for the past several months.  Twice in the past several months,

7  they have reached a tentative agreement with a prospective tenant only to have the

8  agreement fail because the Debtor was not able to secure the permission of Residential

9  Credit or the Court within the time required to permit the lease to be finalized and the

10  tenant to take possession of the property.  The Debtor has a new prospective tenant who

11  appears to be willing to pay $7,500 per month for one year and has excellent credit.  The

12  prospective tenant however wants to take possession by September 1, 2010.  The final

13  agreement has not been worked out but if the Debtor waits until the final agreement is

14  reached and then waits for court approval of the lease, the time delay will cause the

15  agreement to fail again.

16      Said ground is supported by this notice of motion, by the motion and the pleadings

17  and papers on file in this bankruptcy case, and by the declaration in support of petitioner's

18  motion for loan modification approval filed herewith.

19      This Motion is brought pursuant to Local Rule 9013(g) which states:

20          **(g) MOTIONS AND MATTERS NOT REQUIRING A**

21      **HEARING**

22          (1) Matters That May Be Determined Upon Notice and Opportunity to

23      Request Hearing.

24          (OPTIONAL PROCEDURE) Upon not less than 14 days notice to

25      such creditors and interested parties who are entitled to notice of the

26      particular matter, orders may be obtained on the following types of motions

27      without a hearing unless one is specifically requested by filing and serving a

28

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

2

Motion for Order re Lease of Real Property

1    written response that complies with Local Bankruptcy Rule 9013-1(a)(7) and

2    request for hearing within 14 days of the date of service of the notice.

3

4        If any party in interest desires to object to the request herein, that party must file

5    and serve a written objection and request a hearing within 14 days of the service of this

6    notice.

7        **Wherefore**, the Debtor requests the Court issue its order approving the stipulation

8    between the Debtor and Bay Area Financial.

9

10   DATED:  August 10, 2010                     **LAW OFFICES OF M. JONATHAN**

11                                               **HAYES**

12

13                                               **By:   /s/  M. Jonathan Hayes**

14                                               **M. Jonathan Hayes**
                                                 **Roksana D. Moradi**

15                                               *Attorneys for Debtor*
                                                 Cristina Roggero

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Order re Lease of Real Property

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Debtor owns real property located at 9980 Houston Road, Malibu, California 90265. The Debtor and her husband purchased the property in or about 2000 for $50,000.00 and proceeded to build a home. They have lived there with their children since the home was completed. The property is estimated to have a present value of $2,300,000. It has approximately $2,136,392.00 in outstanding mortgages. The Debtor and her husband have decided to lease the property for the next few years to help provide sufficient income to allow them to make the payments required to fund a Plan of Reorganization.

Early in 2010, the Debtor and her husband listed the property with a broker for a rental of $7,500 per month on a one year term. Twice in the past several months, they have reached a tentative agreement with a prospective tenant only to have the agreement fail because the Debtor was not able to secure the permission of Residential Credit or the Court within the time required to permit the lease to be finalized and the tenant to take possession of the property. The last proposed lease agreement was submitted to Residential Credit Solutions seeking approval of the bank prior to submitting the issue to the Court for approval. During the wait for an answer from the bank (which never came), the Debtor and the tenant realized that approval would not come in time to allow the tenant to take possession when they needed to take possession and therefore the tenant began looking elsewhere. The Debtor will continue to seek specific approval of the bank of the proposed lease and this motion but in the meantime, notice via this motion is being given to all creditors to allow any other objections that may be out there.

The terms of the proposed lease are still being negotiated between the Debtor and the prospective tenant but the rent is expected to be $7,000 to $7,500 per month and the term is expected to be nine months to one year. The prospective tenant however wants to take possession by September 1, 2010. The final agreement has not been worked out but if

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Order re Lease of Real Property

the Debtor waits until the final agreement is reached and then waits for court approval of the lease, the time delay will cause the agreement to fail again.

This motion asks the Court to give the Debtor the authority to enter into a lease within those parameters.  In other words, if this lease fails, the Debtor requests permission to enter into a different lease within the same parameters as above.

## II.

## ARGUMENT

## THE PROPOSED LEASE IS A REASONABLE EXERCISE OF BUSINESS JUDGMENT AND IS IN THE BEST INTEREST OF THE CREDITORS AND THE ESTATE, AND THEREFORE SHOULD BE APPROVED PURSUANT TO SECTION 363(0)

Bankruptcy Code Section 363(b) and (d) states as follows:

(b)(1) The trustee, after notice and a hearing, may use, sell, or  lease, other than in the ordinary course of business, property of the estate, . . .

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only -

(1) in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust; and

(2) to the extent not inconsistent with any relief granted under subsection (c), (d), (e), or (f) of section 362.

**The standard for approval**

While the Debtor is not seeking to sell property, the same test is used to determine whether the debtor's request to lease property should be approved.  The standards for approval of a pre-confirmation sale pursuant to § 363(b)(1) require that the sale proponent

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Order re Lease of Real Property

1   establish that:  (1) a "sound business purpose justifies the sale"; (2) "accurate and

2   reasonable notice of the sale was provided"; (3) "the price to be paid is adequate, i.e., fair

3   and reasonable"; and (4) "good faith i.e., the absence of any lucrative deals with insiders is

4   present." *In re Industrial Valley Refrig. and Air Cond. Supplies, Inc*., 77 B.R. 15, 21

5   (Bankr. E.D. Pa. 1987).

6       Because the proposed lease meets all the requirements, the court should approve the

7   lease.

8       ***There is a sound business purpose.***

9       In this matter, there is a sound business reason for the lease, namely, that the Debtor

10  must increase her income in order to fund a Plan of Reorganization.  She is willing to

11  move herself and her family out of their home for a time in order to accomplish this goal.

12  The lease of the property is in the best interest of the estate because it will provide income

13  which the Debtor will turn over to the bank and therefore the Court should approve the

14  lease.  The Bankruptcy Appellate Panel of the Ninth Circuit has adopted a flexible, case by

15  case test to determine whether the business purpose for the proposed sale justifies

16  disposition of property of the estate under § 363(b).  *Walter v. Sunwest Bank (In re*

17  *Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988).  There the court stated:

18          Whether the proffered business justification is sufficient

19      depends on the case.  As the Second Circuit held in Lionel, the bankruptcy

20      judge should consider all salient factors pertaining to the proceeding and,

21      accordingly, act to further the diverse interests of the debtor, creditors and

22      equity holders, alike.  He might, for example, look to such relevant factors as

23      the proportionate value of the asset to the estate as a whole [and] . . . the

24      proceeds to be obtained . . . .  This list is not intended to be exclusive, but

25      merely to provide guidance to the bankruptcy judge.

26  *Walter*, 83 B.R. at 19-20.

27          In addition, this Motion the debtor has set forth the facts to show why the

28  authority to lease should be granted.

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

6

Motion for Order re Lease of Real Property

***Accurate and reasonable notice.***

This motion is being served on all creditors with an opportunity to object.  Thus the creditors are being given accurate and reasonable notice.

***A fair and reasonable price will be paid.***

The proposed tenant was obtained through a broker who has negotiated the lease with the Debtor and the tenant.  The broker proposed the rental amount and has discussed the property with many persons through many inquires.

***The requirement of good faith has been satisfied.***

The good faith requirement "focuses principally on the element of special treatment of the debtor's insiders in the sale transaction." *In re Industrial Valley Refrig. and Air Cond. Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987).  The proposed tenant is not related to or affiliated with the Debtor or her family.  No consideration of any kind is being given by the proposed tenants or anyone else to the Debtor.  Therefore there is no special treatment of the Debtor.


## III.

## CONCLUSION

By reason of the arguments set forth above, the Debtor believes that the proposed lease or a similar lease is in the best interest of the estate.  It will resolve in significant income to the Debtor which will allow her to propose a plan to pay her creditors.


DATED:  August 10, 2010            **LAW OFFICE OF M. JONATHAN HAYES**


By:__/s/  M. Jonathan Hayes_____
**M. Jonathan Hayes**
**Roksana D. Moradi**
*Attorneys for Debtor*
Cristina Roggero

Motion for Order re Lease of Real Property

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

## SUPPORTING DECLARATION OF DEBTOR

## CRISTINA ROGGERO

I, Cristina Roggero, declare and state as follows:

1.   I am an adult over the age of eighteen (18) years and a resident of Los Angeles County.  I know all matters herein to be true, except as to those matters stated under information and belief, and as to those matters, I believe them to be true.  I am the Debtor in this Chapter 11 case.

2.   My husband and I own real property located at 9980 Houston Road, Malibu, California 90265.  We purchased the property in or about 2000 for $50,000.00 and proceeded to build a home.  We have lived there with our children since the home was completed.  The property is estimated to have a present value of $2,300,000.  It has approximately $2,136,392.00 in outstanding mortgages.  We have decided to lease the property for the next few years to help provide sufficient income to allow us to make the payments required to fund a Plan of Reorganization.

3.   Early in 2010, my husband and I listed the property with a broker for a rental of $7,500 per month on a one year term.   Twice in the past several months, we have reached a tentative agreement with a prospective tenant only to have the agreement fail because we were not able to secure the permission of Residential Credit or the Court within the time required to permit the lease to be finalized and the tenant to take possession of the property.  The last proposed lease agreement was submitted to Residential Credit Solutions by our counsel seeking approval of the bank prior to submitting the issue to the Court for approval.  During the wait for an answer from the bank (which never came), we realized that approval would not come in time to allow the tenant to take possession when they needed to take possession and therefore the tenant began looking elsewhere.

4.   The terms of the proposed lease are still being negotiated between us but the rent is expected to be $7,000 to $7,500 per month and the term is expected to be nine months to one year.  The prospective tenant however wants to take possession by

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

8

Motion for Order re Lease of Real Property

1  September 1, 2010.  The final agreement has not been worked out but if we wait until the

2  final agreement is reached and then wait for court approval of the lease, the time delay will

3  cause the agreement to fail again.

4      5.  The proposed tenant was obtained through a broker who has negotiated the lease

5  between us.  The broker proposed the rental amount to us and has discussed the property

6  with many persons through many inquires.  The proposed tenant is not related to or

7  affiliated with us in any way.  No consideration of any kind is being given by the proposed

8  tenants or anyone else to us.

9

10      I declare under penalty of perjury under the laws of the United States of America

11  that the foregoing is true and correct and executed this 10th day of August, 2010, in

12  Northridge, County of Los Angeles, State of California.

13

14                                            /s/  Cristina Roggero
                                                Declarant Cristina Roggero

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Order re Lease of Real Property

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9700 Reseda Blvd., Suite 201, Northridge, CA 91324

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO LEASE OF REAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CRISTINA ROGGERO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **08/11/2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

> M Jonathan Hayes    jhayes@polarisnet.net
> Joe M Lozano    notice@NBSDefaultServices.com
> S Margaux Ross    margaux.ross@usdoj.gov
> Richard A Solomon    richard@sgsslaw.com
> United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **08/11/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

XXX Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **07/20/2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Motion for Order re Lease of Real Property

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

| 08/11/2010 | Roksana D. Moradi | /s/ Roksana D. Moradi |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Bank of America
P.O. Box 15102
Wilmington, DE 19886-5102

Bank of America
NCO Financial Systems Inc.
507 Prudential Road
Wilmington, DE 19850-7080

Barclayard
P.O. Box 13337
Philadelphia, PA 19101-3337

CBE Group
131 Tower Park Dr., Suite 100
Waterloo, IA 50701

Chase
P.O. Box 94014
Palatine, IL 60094-4014

Citifinancial
P.O. BOX 140489
Irving, Texas 75014-0489

Collectcorp Corporation
455 North 3rd Street, Suite 260
Phoenix, AZ 85004-3924

Direct TV
P.O. Box 78626
Phoenix, AZ 85062-8626

Encore
P.O. Box 47248
Oak Park, MI 48237

HFC
P.O. Box 3425
Buffalo, NY 14240-9733

Home Depot Citibank
Client Services, Inc
3451 Harry Truman Blvd.
Saint Charles, MO 63301-4047

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Order re Lease of Real Property

1

2
Honda Financial Services
P.O. Box 6070
Cypress, CA 90630-6070

3

Hughes Network Systems, Inc.
4
NCO Financial Systems
1804 Washington Blvd., Dept 300
5
Baltimore, MD 21230

6

Ines Gerson
7
c/o James Q. Fisher
Clark & Trevithick
8
Twelfth Floor
800 Wilshire Blvd
9
Los Angeles, CA 90017

10

Infinity Financial Services
11
P.O. Box 78133
Phoenix, AZ 85062-8133
12

13
Internal Revenue Service
P.O. Box 21126
14
Philadelphia, PA 19114

15
JAVIER VON SYDOW
4111 WEST 239TH ST # 37
16
TORRANCE CA 90505

17

Macy's
18
P.O. Box 6938
The Lakes, NV 88901-6938
19

20
Miriam Friedman
3801 South Santa Fe Ave
21
Vernon, CA 90058

22
National City
P.O. Box 856177
23
Louisville, KY 40285-6177

24

NCO Financial Services
25
P.O. Box 15630 Dept. 72
Wilmington, DE 19850
26

27
PNC BANK
PO BOX 94982
28
CLEVELAND, OH 44101

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Order re Lease of Real Property

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Residential Credit Solutions, Inc.
4282 N. Freeway
Fort Worth, TX 76137

Robinson & Associates
1612 Beverly Blvd.
Los Angeles, CA 90026

Richard A. Solomon
Pamela LaBruyere
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC
12651 High Bluff Drive
Suite 300
San Diego, CA 92130

Motion for Order re Lease of Real Property

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324